# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHRISTOPHER ADAM JACKSON,**

    **Plaintiff,**

    v.

**HON. JAMES A. COX,**

    **Defendant.**

Case No. 17-2591-JAR-TJJ

## ORDER TO SHOW CAUSE

Plaintiff Christopher Adam Jackson filed this action *pro se* on October 11, 2017, alleging claims under various federal statutes against the Honorable James A. Cox, a California Superior Court judge who is presiding over California state court litigation relating to a family trust to which it appears Plaintiff is a beneficiary. Plaintiff asks the Court to order Judge Cox to issue certain orders in that case, including setting aside judgments against Plaintiff that violate his due process rights and access to the courts. In reviewing Plaintiff's Complaint, the Court must construe Plaintiff's *pro se* pleadings liberally.[1] However, the Court cannot assume the role of advocate.[2] Also, Plaintiff's *pro se* status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based."[3] Plaintiff is not relieved from complying with the rules of the Court or facing the consequences of noncompliance.[4]

Most of Plaintiff's claims are brought under 42 U.S.C. § 1983, alleging constitutional violations by Judge Cox in failing to grant his motions, and in disputing his appointment of a

---

[1] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] *Id.*

[3] *Id.*

[4] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

trustee of a family trust in the state court proceeding. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."[5]

Notwithstanding Plaintiff's conclusory assertion that Judge Cox was not acting in his judicial capacity in appointing a trustee, and in declining to hear and grant certain motions submitted by Plaintiff in that matter, the challenged actions in this case are plainly actions by Judge Cox taken in his judicial capacity in the case of *In re Jackson Family Trust*.[6] Whether an act is "judicial" turns on "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."[7] Plaintiff alleges that Judge Cox denied his civil rights by appointing someone *ex parte* to be trustee of the family trust over Plaintiff's objection. Plaintiff alleges that Judge Cox has "continuously refused to hear any motions or pleadings brought by the Plaintiff" in the family trust case.[8] Plaintiff accuses Judge Cox of bias. Assuming as true the factual allegations in Plaintiff's Complaint, all of these constitute actions taken in Judge Cox's judicial capacity—they challenge his decision to appoint a trustee and to decline ruling on Plaintiff's motions regarding the trustee until all parties were served. These were official actions taken in Judge Cox's judicial capacity, as the presiding judge in the trust case. Moreover, Plaintiff has failed to allege that a declaratory decree was violated, or that declaratory relief is unavailable in the underlying state court case. As such, Plaintiff must show cause to this Court

---

[5]42 U.S.C. § 1983.

[6]*See Stump v. Sparkman*, 435 U.S. 349, 361–62 (1978).

[7]*Id.* at 362.

[8]Doc. 1 at 3.

in writing why his claims that Judge Cox violated his constitutional rights under §§ 1983 and 1985(3) should not be dismissed under the doctrine of judicial immunity.

Moreover, it is evident from the Complaint, and the transcript attached thereto, that a pending case exists in California state court, dealing with the rights and responsibilities of the beneficiaries to the Jackson Family Trust. Therefore, *Younger* abstention likely counsels that this Court should abstain from exercising jurisdiction. "In the absence of extraordinary circumstances, the *Younger* doctrine directs federal courts to refrain from interfering in ongoing state civil proceedings."[9] *Younger* abstention "is the exception, not the rule."[10] In determining whether *Younger* abstention is appropriate, a court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[11] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[12]

It appears that the state proceeding challenged by Plaintiff is ongoing.[13] The state court provides an adequate forum for Plaintiff's claims, and certainly provides a forum for the relief

---

[9] *Ysais v. Children Youth & Family Dep't*, 353 F. App'x 159, 161 (10th Cir. 2009) (citing *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996)).

[10] *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992)).

[11] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotations omitted)); *see Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009).

[12] *Crown Point I*, 319 F.3d at 1215 (citing *Seneca-Cayuga Tribe of Okla. v. Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)).

[13] To the extent these proceedings have concluded, the Court would still be divested of jurisdiction under the *Rooker-Feldman* doctrine, which "prevents federal courts from assuming jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

sought.[14]  Finally, the Court finds that California has an important state interest in allocating the personal property of its citizens through the law of probate, trusts, and estates.[15]  Furthermore, Plaintiff bears the burden of showing the state court was an inadequate forum for his federal claims.[16]  "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."[17]  The Supreme Court has directed that "the federal court should not exert jurisdiction if the plaintiffs 'had an *opportunity* to present their federal claims in the state proceedings.'"[18]  "[A]bstention is appropriate unless state law clearly bars the interposition of the [federal statutory] and constitutional claims."[19]  Plaintiff has not made the necessary showing that the state court is an inadequate forum, and must show cause in writing why this Court should not abstain from exercising jurisdiction in this case, in favor of the pending case in California state court.

**IT IS THEREFORE ORDERED** that Plaintiff shall show cause in writing by **December 3, 2017**, why this case should not be dismissed on the basis of judicial immunity and *Younger* abstention.

**IT IS SO ORDERED.**

Dated: November 21, 2017

---

proceedings commenced and inviting district court review and rejection of those judgments.'" *Lambeth v. Miller*, 363 F. App'x 565, 567 (10th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[14]Indeed, according to the transcript attached to Plaintiff's Complaint, his motions for relief in that case were set for hearing on October 24, 2017.  *See* Doc. 1-1 at 5–6.

[15]*See Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 353 (4th Cir. 2005).

[16]*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987).

[17]*Id.* at 15.

[18]*Moore*, 442 U.S. at 425 (quoting *Juidice v. Vail*, 430 U.S. 327, 337 (1977)) (emphasis in original).

[19]*J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999) (quoting *Moore*, 442 U.S. at 425–26).

S/ Julie A. Robinson  
JULIE A. ROBINSON  
CHIEF UNITED STATES DISTRICT JUDGE