## chIN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CHRISTOPHER ADAM JACKSON,**

    **Plaintiff,**

    **v.**                                       **Case No. 17-2591-JAR-TJJ**

**HON. JAMES A. COX,**

    **Defendant.**

## ORDER OF DISMISSAL

Plaintiff Christopher Adam Jackson filed this action *pro se* on October 11, 2017, alleging claims under various federal statutes against the Honorable James A. Cox, a California Superior Court judge who is presiding over California state court litigation relating to a family trust to which it appears Plaintiff is a beneficiary. Plaintiff asks the Court to order Judge Cox to issue certain orders in that case, including setting aside judgments against Plaintiff that violate his due process rights and access to the courts. On November 21, 2017, the Court filed an Order to Show Cause, requiring Plaintiff to show cause in writing why this case should not be dismissed on the basis of judicial immunity and *Younger* abstention. The Court has reviewed Plaintiff's response filed on December 1, 2017,[1] and as described more fully below, finds that it fails to demonstrate that this case should not be dismissed.

As described in the Order to Show Cause, this Court must construe Plaintiff's *pro se* pleadings liberally.[2] However, the Court cannot assume the role of advocate.[3] Also, Plaintiff's *pro se* status does not excuse him from "the burden of alleging sufficient facts on which a

---

[1] Doc. 10.

[2] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] *Id.*

recognized legal claim could be based."[4] Plaintiff is not relieved from complying with the rules of the Court or facing the consequences of noncompliance.[5]

Most of Plaintiff's claims are brought under 42 U.S.C. § 1983, alleging constitutional violations by Judge Cox in failing to grant his motions, and in disputing his appointment of a trustee of a family trust in the state court proceeding. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."[6] The Court previously explained that whether an act is "judicial" turns on "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."[7]

The Court previously noted that the complained-of acts in the Complaint are clearly judicial acts.[8] In his response to the Order to Show Cause, Plaintiff suggests that "a declaratory decree" was violated because Plaintiff had filed a Chapter 7 bankruptcy case on July 24, 2015, which triggered an automatic stay of the family trust case. Plaintiff contends he has a property interest in the family trust, and that he filed a notice of the automatic stay in the state court action. Plaintiff alleges that Judge Cox wrongfully ignored the bankruptcy stay when he allowed the state court matter to proceed, despite the automatic stay provisions in the bankruptcy code. This Court is not in a position to determine whether the automatic stay applied to bar relief in the family trust matter, so the Court assumes without deciding that Plaintiff can establish Judge Cox

---

[4] *Id.*

[5] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[6] 42 U.S.C. § 1983.

[7] *Id.* at 362.

[8] *See Stump v. Sparkman*, 435 U.S. 349, 361–62 (1978).

violated a declaratory decree by disregarding the automatic bankruptcy stay filed by Plaintiff in that matter.

But Plaintiff wholly fails to address the issue of *Younger* abstention and the Court finds that for the reasons identified in its Order to Show Cause, it must abstain from exercising jurisdiction. It is evident from the Complaint, and the transcript attached thereto, that a pending case exists in California state court, dealing with the rights and responsibilities of the beneficiaries to the Jackson Family Trust. "In the absence of extraordinary circumstances, the *Younger* doctrine directs federal courts to refrain from interfering in ongoing state civil proceedings."[9]  *Younger* abstention "is the exception, not the rule."[10]  In determining whether *Younger* abstention is appropriate, a court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[11]  "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[12]

For the reasons identified in the Court's November 21, 2017 Order to Show Cause, the elements of *Younger* abstention have been met, and therefore abstention is nondiscretionary. In

---

[9]*Ysais v. Children Youth & Family Dep't*, 353 F. App'x 159, 161 (10th Cir. 2009) (citing *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996)).

[10]*Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992)).

[11]*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotations omitted)); *see Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009).

[12]*Crown Point I*, 319 F.3d at 1215 (citing *Seneca-Cayuga Tribe of Okla. v. Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)).

addition to the reasons stated in that Order, the Court further notes that Plaintiff has failed to demonstrate that the state court is not an adequate forum to hear his claim that Judge Cox's summary judgment order violated the automatic bankruptcy stay, a claim raised for the first time in his response. The Court therefore abstains from exercising jurisdiction and dismisses this case without prejudice.

**IT IS THEREFORE ORDERED** that this case is dismissed in its entirety without prejudice.

**IT IS SO ORDERED.**

Dated: January 3, 2018

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          CHIEF UNITED STATES DISTRICT JUDGE